**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JERMAINE KENYETTA COLEMAN**                                          **PLAINTIFF**

**v.**                                                                                       **CIVIL ACTION 2:14cv136-MTP**

**LANDON MCDONALD**                                                                    **DEFENDANT**

## OPINION AND ORDER

THIS MATTER is before the Court on the Defendant's Motion for Summary Judgment [34]. Having carefully considered the parties' submissions and the applicable law, the Court finds that Defendant's Motion for Summary Judgment [34] should be granted in part and denied in part, and that Plaintiff's claim for deliberate indifference should be dismissed with prejudice. Additionally, the Court will deny Defendant's Motion to Dismiss [19] as moot.

### PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. This lawsuit arises from alleged events that occurred while Plaintiff was a pretrial detainee at the Lamar County Jail (LCJ). Plaintiff filed his complaint on or about August 18, 2014.[1] Plaintiff's claims were clarified and amended at his *Spears*[2] hearing and include complaints of excessive force and inadequate medical care.

Plaintiff alleges that on May 28, 2014, he was being escorted from his holding cell at the

---

[1] Complaint [1] at 4.

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Coleman's *Spears* hearing took place on December 10, 2014. *See also Flores v. Livingston*, 405 F. App'x. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supercede claims alleged in the complaint).

1

LCJ and was wearing handcuffs and leg chains.[3] He alleges that Defendant Landon McDonald, an officer with the Lamar County Sheriff's Department ordered him to face the wall.[4] Plaintiff asserts that he faced the wall initially but then turned his head because another narcotics officer called his name.[5] Plaintiff alleges that Defendant first pushed Plaintiff's face into the wall, and then "slammed" him onto the ground, chipping his front teeth and causing his teeth to cut through his lip.[6] Finally, Plaintiff alleges that he did not receive medical care until approximately one week later, when he received iodine to treat the cut on his lip.[7]

On March 16, 2015, Defendant filed his Motion for Summary Judgment [34] and Supporting Memorandum [35]. In the Motion, Defendant argues that Plaintiff has failed to exhaust his administrative remedies and has failed to show any physical injury.[8] Defendant also argues that he is entitled to qualified immunity.[9]

## MOTION TO DISMISS

In his complaint, Plaintiff sought only injunctive relief in the form of the Defendant receiving a formal reprimand, suspension from duty without pay, and termination of Defendant

---

[3] Omnibus Order [28] at 2; Omnibus Hearing Transcript [34-3] at 31.

[4] Omnibus Order [28] at 2; Omnibus Hearing Transcript [34-3] at 31.

[5] Omnibus Hearing Transcript [34-3] at 31.

[6] Omnibus Order [28] at 2; Omnibus Hearing Transcript [34-3] at 33.

[7] Omnibus Order [28] at 2; Omnibus Hearing Transcript [34-3] at 33.

[8] Motion [34] at 3–4; *see generally* Memorandum in Support [35].

[9] Motion [34] at 4; *see generally* Memorandum in Support [35].

from the Lamar County Sheriff's Department.[10] On October 23, 2014, Defendant filed a Motion to Dismiss on grounds that Plaintiff is no longer incarcerated in the LCJ, and, therefore, his requests for injunctive relief were moot.[11]

However, on December 10, 2014, Plaintiff clarified and amended his relief sought by his sworn testimony at a *Spears* hearing. *See Flores*, 405 Fed. App'x. at 932; *Riley*, 828 F.2d at 307. At the *Spears* hearing, Plaintiff requested both monetary damages and injunctive relief.[12] Accordingly, Defendant's Motion to Dismiss [19] is denied as moot.

## SUMMARY JUDGMENT STANDARD

A motion for summary judgment will be granted only when "the record indicates that there is 'no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c)); *see also Celotex Corp. V. Catrett*, 477 U.S. 317, 322 (1986). Genuine issues of material fact are to be resolved in favor of the non-moving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

The movant "bears the initial responsibility of informing the district court of the basis for motion and identifying those portions of [the record] in the case which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the movant presents a properly supported Motion for Summary Judgment, the nonmoving party must rebut it with "significant probative evidence" that demonstrates the existence of a genuine issue of

---

[10] Complaint [1] at 4.

[11] *See* Motion [19].

[12] *See* Omnibus Order [28] at 2.

material fact. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075. When confronted with a proper motion for summary judgment, the nonmoving party cannot rest on his pleadings and must designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.

## ANALYSIS

**Qualified Immunity Defense**

Defendant claims he is entitled to qualified immunity as to this action.[13] The United States Supreme Court has held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The United States Court of Appeals for the Fifth Circuit has repeatedly held that "objective reasonableness in a qualified immunity context is a question of law for the court to decide, not an issue of fact." *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 256 (5th Cir. 2005); *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999); *Mangieri v. Clifton*, 29 F.3d 1012, 1016 (5th Cir. 1994). A two-pronged analysis is appropriate in determining whether defendant is entitled to qualified immunity. First, the Court looks to "whether a constitutional right would have been violated on the facts alleged" and second, "whether the right was clearly established." *Saucier v. Katz*, 533 U.S. 194, 200 (2001). The Court is permitted to exercise its discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first. *See Pearson v. Callahan*, 555 U.S. 223,

---

[13] Motion [34] at 4.

236 (2009) (holding that while the sequence set forth in *Saucier* "is often appropriate, it should no longer be regarded as mandatory").

Once the defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). "The defendant official must initially plead his good faith and establish that he was acting within the scope of his discretionary authority." *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1002). Because Defendant has raised the defense of qualified immunity in a motion for summary judgment, Plaintiff "can no longer rest on the pleadings . . . and the court looks to the evidence before it (in the light most favorable to the plaintiff) when conducting the [qualified immunity analysis]." *McClendon*, 305 F.3d at 232 (quoting *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)). Accordingly, this Court must examine the summary judgment record and determine whether Plaintiff has presented sufficient evidence to suggest that Defendant's conduct violated an actual constitutional right for each claim. The Court must also determine whether Defendant's conduct was objectively unreasonable in light of clearly established law. *McClendon*, 305 F.3d at 232.

**Failure to Exhaust Administrative Remedies**

Defendant submits that this matter should be dismissed because Plaintiff has failed to comply with the requirements of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Section 1997e(a) of the PRLA requires prisoners complaining about prison conditions to exhaust all available administrative remedies prior to filing a Section 1983 suit. 42 U.S.C. § 1997e(a); *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998). The PLRA exhaustion requirement is mandatory and applies to all cases "brought with respect to prison conditions."

*Porter v. Nussle*, 534 U.S. 516, 516 (5th Cir. 2002) (noting that the PLRA applies to excessive force complaints). The PLRA further requires prisoners to "properly" exhaust their claims, and an untimely or otherwise procedurally barred claim cannot satisfy the exhaustion requirement. *Woodford v. Ngo*, 584 U.S. 81, 83–84 (2006). Failure to exhaust is an affirmative defense under the PLRA, and the burden is on the Defendant to demonstrate that the Plaintiff failed to exhaust his administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

In this case, Defendant asserts—and Plaintiff admits—that Plaintiff failed to file a grievance in the LCJ in regard to his claims.[14] The Court agrees with Defendant's assertion that "a facility's internal deadlines and procedures must be complied with in order to meet the exhaustion requirement."[15] However, Defendant does not provide any evidence documenting the LCJ's administrative remedy procedure. Absent affirmative evidence that filing a grievance is a necessary aspect of the administrative process in the LCJ, the Court cannot conclude that there is no "genuine issue of material fact" as to whether Plaintiff exhausted his administrative remedies. Fed. R. Civ. P. 56(c). Accordingly, Defendant's Motion for Summary Judgment on grounds that Plaintiff failed to exhaust his administrative remedies is denied.

**Excessive Force Claim**

Defendant also argues that the force used during the altercation was not excessive.[16] When prison employees are accused of using force in violation of the Eighth Amendment, the "core judicial inquiry is . . . whether force was applied in a good faith effort to maintain or

---

[14] Supporting Memorandum [35] at 5; Omnibus Hearing Transcript [34-3] at 19, 39.

[15] Supporting Memorandum [35] at 5.

[16] Motion [34] at 4.

restore discipline, or maliciously and sadistically for the very purpose of causing harm." *Valencia v. Wiggins*, 981 F.2d 1440, 1446 (5th Cir. 1993). Relevant factors in reviewing an excessive force complaint include (1) the extent of the injury suffered, (2) the need for application of force, (3) the relationship between the need for force and the application of force, (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the severity of a forceful response. *Kitchen v. Dallas County, Tex.*, 759 F.3d 468, 477 (5th Cir. 2014). The alleged injury need not be significant, but the Eighth Amendment's "prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Copeland v. Nunan*, No. 00-20063, 2001 WL 274738, at *2 (5th Cir. Feb. 21, 2001) (quoting *Hudson v. McMillan*, 503 U.S. 1, 1 (1992) (internal quotations and citations omitted)). Furthermore, the absence of serious injury, though relevant, "do[es] not necessarily preclude relief." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (quoting *Hudson*, 503 U.S. at 7).

The Fifth Circuit has recognized that "the amount of force used must be judged by the context in which that force was deployed." *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996). Prison guards are afforded broad latitude to maintain order in the prison systems. Courts have "long recognized the need for prison officials to maintain order and discipline." *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986). "Broad deference is given to such decisions." *Hudson*, 503 U.S. at 6; *See also Bell v. Wolfish*, 441 U.S. 520, 547 (1979) ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and executions of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain

institutional security."). Furthermore, prison guards work under circumstances where they "may [need] to act quickly and decisively." *Valencia v. Wiggins*, 981 F.2d 1440, 1446 (5th Cir. 1993). The same standard for excessive force applies to pretrial detainees. *Valencia*, 981 F.2d at 1446.

Defendant asserts that while escorting Plaintiff from a holding cell at the LCJ, Plaintiff made a remark to another inmate in violation of LCJ policy. Because of this violation, Defendant ordered Plaintiff to face the wall.[17] When Plaintiff refused to comply, Defendant "turned the Plaintiff around and, with one hand, [] put him against the wall."[18] Defendant alleges that Plaintiff then "turned around, balled up his fist and knocked [the Defendant]'s hand off his shoulder."[19] Next, the Defendant used both hands to put Plaintiff on the ground, got on top of the Plaintiff, and handcuffed Plaintiff with the help of Officer Jose Martinez.[20] According to Defendant, Plaintiff continued to "flop around on the floor while handcuffed" and, as a result, Defendant placed Plaintiff in a restraint chair.[21] Defendant concedes that Plaintiff's lip was bleeding after the altercation, but maintains that a LCJ nurse examined Plaintiff immediately after the incident and found no need for immediate medical treatment.[22]

In this case, both Plaintiff and Defendant agree that Plaintiff disobeyed Defendant's

---

[17] McDonald Affidavit [34-2] at ¶ 4–5.

[18] *Id.* at ¶ 5.

[19] Motion [34] at 2; *see also* Memorandum in Support [35] at 10; McDonald Affidavit [34-2] at ¶ 7.

[20] McDonald Affidavit [34-2] at ¶ 7.

[21] Motion [34] at 2; *see also id.*

[22] Motion [34] at 2; *see also* Memorandum in Support [35] at 3; McDonald Affidavit [34-2] at ¶ 8.

direct command to face the wall.[23] Thus, even taking Plaintiff's assertions as truth, Defendant's initial use of force may be reasonably construed as a means to preserve order and discipline. However, the parties disagree about the events that occur after that point. Plaintiff claims that Defendant "slammed" him into the ground, despite the fact that he was once more facing the wall as ordered.[24] This is in direct conflict with Defendant's version of events—that Defendant forced Plaintiff to the ground because of Plaintiff's aggressive behavior and physical resistance to the Defendant's direct order.[25]

The Court also disagrees with Defendant's argument that Plaintiff has only sustained *de minimis* injuries. *See Hudson*, 503 U.S. at 1 (holding that *de minimis* injuries are excluded from constitutional recognition absent circumstances "repugnant to the conscious of mankind"). In this case, Defendant asserts that Plaintiff only sustained a bleeding lip as a result of the altercation. However, Defendant concedes that the injuries were serious enough to warrant a nurse's attention.[26] In addition, the record indicates that Plaintiff suffered from several broken teeth,[27] which supports Plaintiff's allegations regarding the extent of his injuries. For these reasons, the Court concludes that Plaintiff's alleged injuries are not *de minimis*. *Compare Siglar*, 112 F.3d at 194 (holding that a sore, bruised ear that lasted for several days constituted a *de minimis* injury), *with Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999) (holding that

---

[23]Motion [34] at 2; Omnibus Hearing Transcript [34-3] at 31; Memorandum in Support [35] at 10.

[24] Omnibus Hearing Transcript [34-3] at 32.

[25]McDonald Affidavit [34-2] at ¶ 7.

[26] *Id.* at ¶ 8.

[27]The Court notes that record does not explain when or how Plaintiff's teeth were broken.

contusions to the head, neck, and face were not *de minimis*).**28**

For these reasons, the undersigned concludes that there is a genuine issue of material fact as to Plaintiff's excessive force claim such that the Defendant is not entitled to qualified immunity, and his motion for summary judgment is denied in regard to this claim.

**Inadequate Medical Care Claim**

Plaintiff also claims that he was denied constitutionally adequate medical care following the incident with Defendant McDonald. A prison official violates the Eighth Amendment when he acts with deliberate indifference to a prisoner's serious medical needs. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 754 (5th Cir. 2011). A plaintiff must meet an "extremely high" standard to show deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotations omitted). The test for deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To establish that a prison official is liable for deliberate indifference, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Deliberate indifference is particularly difficult to establish when the inmate was provided with ongoing medical treatment. "Unsuccessful medical treatments, acts of negligence, or

---

[28] Defendant also asserts that Plaintiff has failed to satisfy the PLRA's "physical injury" requirement. *See* Motion [34] at 3. Section 1997e(e) of the PLRA provides that "no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental and emotional injuries suffered while in custody without a prior showing og physical injury." 42 U.S.C. § 1997e(e). For the reasons assigned above, the Court finds that Plaintiff has established that he sustained a physical injury.

medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal citations omitted). The plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Furthermore, "a delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). The United States Court of Appeals for the Fifth Circuit has held that uncontradicted medical records "may rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). The deliberate indifference standard applies to inadequate medical care claims brought by pretrial detainees. *Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir. 1996).

In this case, Plaintiff fails to demonstrate that Defendant acted with deliberate indifference. In the first instance, Defendant's uncontroverted affidavit indicates that he "had a nurse take a look at [Plaintiff]'s injury" immediately following the incident.[29] Furthermore, Plaintiff's uncontradicted medical records indicate that he received an intake dental screening on May 29, 2014, only one day after he claims he was injured.[30] Plaintiff was examined and referred to a non-prison dentist on June 2, 2014.[31] The record also shows that Plaintiff complained of pain

---

[29] McDonald Affidavit [34-2] at 2.

[30] Intake Dental Screening [34-4].

[31] Inmate Medical Request [34-8] at 2.

11

on June 4, 2014, and that a physician prescribed ibuprofen on the same day.[32] By June 12, 2014, Plaintiff was also taking Clindamycin[33] 150mg BID and Tylenol with Codeine[34] to relieve his tooth pain and treat a possible infection.[35] On June 13, 2013, a nurse at LCJ noted that "at the moment [Plaintiff] is being optimally treated with pain therapy and antibiotics."[36] Plaintiff was also referred to a non-prison physician on June 12, 2014, after complaining of an upset stomach and loose bowel movements.[37] Plaintiff filed an additional complaint about his teeth on June 17, 2014, and was examined by a licensed practical nurse (LPN) the next day. Plaintiff was prescribed pain medication on June 25, 2014 and July 9, 2014.[38] Finally, Plaintiff received a lower molar extraction on August 12, 2014.[39]

Although Plaintiff is dissatisfied with his medical care, his uncontradicted medical records indicate that he received substantial medical treatment at the LCJ. Plaintiff's disagreement with the treatment that he received does not give rise to a constitutional violation.

---

[32] Electronic Order Request [34-6] at 3. This medication is prescribed to relieve pain. *See* http://www.nlm.nih.gov/medlineplus/druginfo/meds/a682159.html **(last visited June 26, 2014).**

[33] Clindamycin is an antibiotic prescribed to treat certain types of bacterial infections. *See* http://www.nlm.nih.gov/medlineplus/druginfo/meds/a682399.html#why (last visited June 26, 2015).

[34] Tylenol, or acetaminophen, with codeine is prescribed to relieve mild to moderately severe pain. *See* http://www.mayoclinic.org/drugs-supplements/acetaminophen-and-codeine-oral-rout e/description/drg-20074117 (last visited June 26, 2015).

[35] Electronic Order Request [34-6] at 2; Inmate Medical Request [34-8] at 3.

[36] Electronic Order Request [34-6] at 2.

[37] Inmate Medical Request [34-8] at 1.

[38] Subsequent Treatment Notes [34-9] at 2.

[39] Dental Claim Form [34-10].

*Gobert*, 463 F.3d at 346. The Court notes that Plaintiff has not responded to Defendant's Motion for Summary Judgment [34] or offered any evidence contradicting his medical records. *See Banuelos*, 41 F.3d at 235 (holding that uncontradicted medical records may rebut a priosner's deliberate indifference claim). At this point in the proceedings, the Plaintiff can no longer rest on the allegations contained in his pleadings. *See Celotex*, 477 U.S. at 324.

Furthermore, the Court finds that Plaintiff has failed to demonstrate that he suffered substantial harm from the delay in medical care. *See Easter*, 467 F.3d at 463 (holding that a deliberate indifference claim requires a showing of substantial harm). Plaintiff does not allege, and the record does not reflect, that he sustained any harm, much less "substantial harm" from the alleged delay in treatment. Accordingly, Defendant is entitled to summary judgment as to this claim.

**IT IS, THEREFORE, ORDERED:**

1. That Defendant's Motion for Summary Judgment [34] on Plaintiff's excessive force claim is DENIED;

2. That Defendant's Motion for Summary Judgment [34] on Plaintiff's inadequate medical care claim is GRANTED. A separate judgment dismissing this claim with prejudice will be entered pursuant to Federal Rule of Civil Procedure 58; and

3. That Defendant's Motion to Dismiss [19] is DENIED as moot.

SO ORDERED this the 26 day of June, 2015

                                      s/ Michael T. Parker
                                      United States Magistrate Judge